1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SKINNER,<br><br>         Plaintiff,<br> vs.<br>AMERICAN MEDICAL RESPONSE AMBULANCE SERVICE, INC., a Delaware Corporation; DOES 1 through 50, inclusive,<br><br>         Defendants. | CASE NO. 10CV981 WQH (WMC)<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the Motion for Judgment on the Pleadings (ECF No. 12) filed by Defendant.

### BACKGROUND

  On April 2, 2010, Plaintiff initiated this action by filing a Complaint in the Superior Court of California for the County of San Diego. On May 6, 2010, Defendant removed the case to this Court. (ECF No. 1). On September 13, 2010, Defendant filed a Motion for Judgment on the Pleadings. (ECF No. 12). Defendant seeks judgment on the pleadings as to all claims in the Complaint on the grounds that Plaintiff has settled and releases the claims. On October 7, 2010, Plaintiff filed an Opposition. (ECF No. 14). Plaintiff contends that his claims are not barred by the release he entered into to settle his workers' compensation claim. On October 18, 2010, Defendant filed a Reply. (ECF No. 15).

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff asserts eleven claims in the Complaint including: (1) wrongful discharge in violation of public policy; (2) wrongful termination and discrimination in violation of the Fair Employment and Housing Act ("FEHA") disability discrimination; (3) harassment and retaliation in violation of FEHA; (4) failure to take steps reasonably necessary to prevent harassment and discrimination in violation of FEHA; (5) failure to make reasonable accommodations and failure to engage in the interactive process in violation of FEHA; (6) intentional infliction of emotional distress; (7) failure to provide accurate wage statements; (8) failure to pay overtime compensations; (9) failure to provide proper meal and rest periods; (10) waiting time penalties pursuant to California Labor Code § 203; and (11) unfair business practices in violation of California Business and Processions Code §§ 17200, and 17200, et seq. (ECF No. 1 at 2).

Plaintiff John Skinner was employed by Defendant American Medical Response Ambulance Service, Inc. from July 27, 2008 through November 10, 2008 as a delivery driver. *Id*. at 16 ¶¶ 10-11. Skinner "worked more than 40 hours per week and often missed his meal and rest periods due to the nature of the business." *Id*. at ¶ 12. On November 4, 2008, Skinner hurt his lower back on the job. *Id*. at ¶ 16. On November 5, 2008, Skinner reported his injury to his supervisor and requested a dolly to "perform the essential functions of [his] job." *Id*. at ¶¶ 17-18, 23. Skinner asked management about the process for filing a workers' compensation claim and on November 10, 2008, he received an email from a human resources employee stating that he was not eligible for workers' compensation benefits. *Id*. at ¶¶ 26-27, 29. On November 11, 2008, Skinner sent an email to his supervisor stating that he would not be coming into work due to his back injury and would be seeing his doctor. *Id*. at ¶ 32. On November 13, 2008, Skinner's employment was terminated. *Id*. at ¶ 35. "When Plaintiff was terminated, Defendants failed to pay Plaintiff all of Plaintiff's final wages." *Id*. at ¶ 47.

Plaintiff attached his "Complaint of Discrimination" dated April 3, 2009 to the Complaint in this case. *Id*. at 38. Plaintiff states in the Complaint of Discrimination: "I reported a work related injury on [November 5, 2008]. I asked for accommodations following

1  my injury. I was terminated on [November 12, 2008]." *Id.*

## DISCUSSION

### I. Request for Judicial Notice

Defendant requests judicial notice of the following: (1) Plaintiff's State of California Department of Industrial Relations Division of Workers' Compensation Employee's Claim for Worker's Compensation Benefits; (2) State of California Division of Workers' Compensation Workers' Compensation Appeals Board Compromise and Release, Case Number ADJ66551471; and (3) December 29, 2009 Order Approving Compromise and Release for Case Number ADJ66551471.

Plaintiff has not filed an opposition to the request for judicial notice. Additionally, Plaintiff states in his Complaint, "Following his termination Skinner did, indeed, file a workers' compensation claim, which was processed and ultimately accepted ...." (ECF No. 1 at 18). Plaintiff also states in his Opposition: "It is true that Plaintiff Skinner signed a standard workers' compensation Compromise and Release agreement." (ECF No. 14 at 4).

Federal Rule of Civil Procedure 12(d) provides that if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also Hal Roach Studios, Inc.*, 896 F.2d at 1550. However, "a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991)). The court may take judicial notice of records and reports of administrative bodies without converting motion into one for summary judgment. *United States. v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008); *see also* Fed. R. Evid. 201; *Doctors Medical Center of Modesto v. Global Excel Management, Inc.,* Case No. 1:08-cv-01231 OWW DLB, 2009 WL 2500546, at *2 (E.D. Cal. Aug. 14, 2009).

Plaintiff's claim for workers' compensation benefits; the Compromise and Release, Case Number ADJ66551471; and (3) the December 29, 2009 Order approving the

1  Compromise and Release attached to the request for judicial notice are records of an
2  administrative body and Plaintiff does not dispute their authenticity.  The Court will take
3  judicial notice of these documents.

4         The Compromise and Release states: "Execution of this form has no effect on claims
5  that are not within the scope of the workers' compensation law or claims that are not subject
6  to the exclusivity provisions of the workers' compensation law, unless otherwise expressly
7  stated." (ECF No. 12-2 at 8).  The Compromise and Release also states: "The parties wish to
8  settle these matters to avoid the costs, hazards and delays of further litigation, and agree that
9  a serious dispute exists as to the following issues .... Only issues initialed by the applicant or
10 his/her representative and Defendants or their representatives are included within this
11 settlement."  *Id*. at 10.   The parties initialed several issues including "earnings" and
12 "employment."  *Id*.   The Compromise and Release is dated December 21, 2009 and was
13 signed by Plaintiff and Plaintiff's counsel. *Id*. at 11.  On December 29, 2009, the Compromise
14 and Release was approved by the Workers' Compensation Judge. *Id*. at 13.

15 **II.     Judgment on the Pleadings**

16        Judgment on the Pleadings is proper pursuant to Federal Rule of Civil Procedure 12(c)
17 "After the pleadings are closed--but early enough not to delay trial," if "the moving party
18 clearly establishes on the face of the pleadings that no material issue of fact remains to be
19 resolved and that it is entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v.*
20 *Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990); *see also Fleming v. Pickard*, 581
21 F.3d 922, 925 (9th Cir. 2009).  "For purposes of the motion, the allegations of the non-moving
22 party must be accepted as true, while the allegations of the moving party which have been
23 denied are assumed to be false."  *Hal Roach Studios, Inc.*, 896 F.2d at 1550; *see also Fleming*,
24 581 F.3d at 925.  If a court grants judgment on the pleadings, it is a decision on the merits. *See*
25 *General Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventists Congregational*
26 *Church*, 887 F.2d 228, 230 (9th Cir. 1989).

27     **A.     Discrimination Claims**

28        Defendant contends the Complaint asserts the same discrimination claims that Plaintiff

raised with the Department of Fair Employment and Housing on April 3, 2009, prior to this suit. Defendant contends that on December 21, 2009, Plaintiff released any existing claim against Defendant relating to his employment.

Plaintiff contends that the release is boilerplate and that the release does not expressly address or relate to Plaintiff's FEHA discrimination claims. Plaintiff contends that "he is prepared to file [a declaration stating under oath that he did not contemplate the release he signed would preclude him from pursuing the remedies he seeks in this lawsuit] should it become necessary to offer such extrinsic evidence at a later date ...." (ECF No. 14 at 6).

"The general rule is that when a person with the capacity of reading and understanding an instrument signs it, he is, in the absence of fraud and imposition, bound by its contents, and is estopped from saying that its provisions are contrary to his intentions or understanding. " *Jefferson v. California Dept. of Youth Authority,* 28 Cal. 4th 299, 303 (2002) (citations omitted). The California Supreme Court has explained that it has "been particularly rigorous about strictly enforcing broad release language in workers' compensation settlements, because, in that context, [Workers' Compensation Appeals Board] oversight helps to ensure fairness." *Jefferson*, 28 Cal. 4th at 303-04 (citing *Johnson v. Workmen's Comp. App. Bd.*, 2 Cal.3d 964, 973 (1970)). The California Supreme Court has also explained that it has "sought to protect the interests of workers who execute workers' compensation settlement documents without a full appreciation of what claims or rights might later arise." *Jefferson*, 28 Cal. 4th at 304 (citation omitted). In *Jefferson*, the California Supreme Court concluded that the release at issue was enforceable on the grounds that "(1) the parties included an attachment in their settlement agreement that made clear their intent to settle matters outside the scope of workers' compensation; and (2) [plaintiff] offered no extrinsic evidence establishing the parties' intent to exclude her FEHA claim from the settlement." *Jefferson*, 28 Cal. 4th at 304; *see also Marder v. Lopez*, 450 F.3d 445, 449 (9th Cir. 2006) ("In general, a written release extinguishes any obligation covered by the release's terms, provided it has not been obtained by fraud, deception, misrepresentation, duress, or undue influence.") (citing *Skrbina v. Fleming Companies*, 53 Cal. Rptr. 2d 481, 489 (Cal. App. 1996)).

In this case, the release states that issues related to Plaintiff's "employment" were included in the settlement. (ECF No. 12-2 at 10). Plaintiff has asserts the following claims stemming from his work injury and resulting employment discrimination: (1) wrongful discharge in violation of public policy; (2) wrongful termination and discrimination in violation of the Fair Employment and Housing Act ("FEHA") disability discrimination; (3) harassment and retaliation in violation of FEHA; (4) failure to take steps reasonably necessary to prevent harassment and discrimination in violation of FEHA; (5) failure to make reasonable accommodations and failure to engage in the interactive process in violation of FEHA; (6) intentional infliction of emotional distress; and (7) unfair business practices in violation of California Business and Processions Code §§ 17200, and 17200, et seq. (ECF No. 1 at 2).

Plaintiff has submitted a Complaint of Discrimination regarding the employment discrimination which resulted from his work injury approximately a year before initiating this Complaint and approximately nine months before signing the release. While Plaintiff contends that he will submit a declaration stating that "he did not contemplate the release he signed would preclude him from pursuing ... this lawsuit," he has not stated the basis for the declaration and has not asserted that the release was obtained through any improper means. (ECF No. 14 at 6). The Court concludes that, based on the face of the pleadings, there are no material issue of fact which remain to be resolved as to Plaintiff's employment claims. *See Hal Roach Studios, Inc.*, 896 F.2d at 1550. Accordingly, Defendant's Motion for Judgment on the Pleadings is GRANTED as to the following claims: (1) wrongful discharge in violation of public policy; (2) wrongful termination and discrimination in violation of the Fair Employment and Housing Act ("FEHA") disability discrimination; (3) harassment and retaliation in violation of FEHA; (4) failure to take steps reasonably necessary to prevent harassment and discrimination in violation of FEHA; (5) failure to make reasonable accommodations and failure to engage in the interactive process in violation of FEHA; (6) intentional infliction of emotional distress; and (7) unfair business practices in violation of California Business and Processions Code §§ 17200, and 17200, et seq. relating to Plaintiff's employment claims (ECF No. 1 at 2).

**B.     Wage Claims**

Defendant contends that Plaintiff has released any existing claim against Defendant relating to his earnings.

Plaintiff contends that his wage and hour claims cannot be released without specific language from California Labor Code § 206.5 and without all wages having been paid. Plaintiff contends that the release is insufficient because it does not contain language from California Civil Code § 1542.

California Labor Code § 206.5 provides:

> An employer shall not require the execution of a release of a claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of those wages has been made. A release required or executed in violation of the provisions of this section shall be null and void as between the employer and the employee.

Cal. Labor Code § 206.5(a). However, "[W]ages are not 'due' if there is a good faith dispute as to whether they are owed." *Chindarah v. Pick Up Stix, Inc.*, 171 Cal. App. 4th 796, 802 (2009) (affirming grant of summary judgment and finding that a releases was not conditioned on due wages where there was a bona fide dispute over wages already earned); *Watkins v. Wachovia Corp.,* 172 Cal. App .4th 1576, 1584-85 (2009) (affirming grant of summary judgment where evidence showed plaintiff was aware of an overtime claim when she signed a release); *see also Villacres v. ABM Industries Inc.*, 189 Cal. App. 4th 562, 591 (2010) (explaining that a release of claims as to past violations is distinguishable from an unlawful waiver of rights). California Civil Code § 1542 provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." Cal. Civ. Code § 1542.

In this case, the release states that issues related to Plaintiff's "earnings" were included in the settlement. (ECF No. 12-2 at 10). Plaintiff has assertd the following claims relating to his earnings:  (1) failure to provide accurate wage statements; (2) failure to pay overtime compensations; (3) failure to provide proper meal and rest periods; (4) waiting time penalties pursuant to California Labor Code § 203; and (5) unfair business practices in violation of

California Business and Processions Code §§ 17200, and 17200, et seq. (ECF No. 1 at 2).

The Complaint alleges that Plaintiff is owed wages that were due to him. There are no facts in the pleadings to support a finding that there was a bona fide dispute as to Plaintiff's wages. The Court concludes that Defendant has failed to establish that there are "no material issue of fact [which] remain[] to be resolved and that [Defendant] is entitled to judgment as a matter of law." *See Hal Roach Studios, Inc.*, 896 F.2d at 1550. Accordingly, Defendant's Motion for Judgment on the Pleadings is DENIED as to the following claims: (1) failure to provide accurate wage statements; (2) failure to pay overtime compensations; (3) failure to provide proper meal and rest periods; (4) waiting time penalties pursuant to California Labor Code § 203; and (5) unfair business practices in violation of California Business and Processions Code §§ 17200, and 17200, et seq. relating to the wage claims. (ECF No. 1 at 2).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Judgment on the Pleadings filed by Defendant (ECF No. 12) is GRANTED in part and DENIED in part. Defendant is GRANTED judgment on the pleadings as to the following claims: (1) wrongful discharge in violation of public policy; (2) wrongful termination and discrimination in violation of the Fair Employment and Housing Act ("FEHA") disability discrimination; (3) harassment and retaliation in violation of FEHA; (4) failure to take steps reasonably necessary to prevent harassment and discrimination in violation of FEHA; (5) failure to make reasonable accommodations and failure to engage in the interactive process in violation of FEHA; (6) intentional infliction of emotional distress; and (7) the unfair business practices in violation of California Business and Processions Code §§ 17200, and 17200, et seq. relating to Plaintiff's employment claims. The Motion is DENIED in all other respects.

DATED: March 4, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge